**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Life Associates, Inc., | ) | Case No. 10-32363 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: November 13, 2013 at 10:00 a.m. |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE THAT** on **Wednesday, November 13, 2013 at 10:00 a.m.**, I shall appear before the Honorable Carol A. Doyle, Bankruptcy Judge in Courtroom 742, of the Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago Illinois, or before any other Bankruptcy Judge who may be sitting in her stead and present **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**, a copy of which is hereby served upon you.

                                                  Respectfully submitted,

                                                  Coman & Anderson, P.C.

                     By:    *s/* John A. Lipinsky
                                  *Former Counsel for the Debtor and
                                  Former Debtor-in-Possession*

John A. Lipinsky
ARDC: 6207678
Coman & Anderson, P.C.
650 Warrenville Road, Suite 500
Lisle, Illinois 60532
T: (630) 428-2660
F: (630) 428-2549

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a copy of the foregoing **COMAN & ANDERSON, P.C.'S FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES and NOTICE OF MOTION,** thereof, to be served on the following parties as specified below via the ECF Court System and via First Class Mail to the additional parties as listed below on this 23rd day of October, 2013.

**VIA ECF**

| | |
|---|---|
| Patrick S. Layng, U.S. Trustee | USTPRegion11.ES.ECF@usdoj.gov |
| Castle Bank, N.A. | jpm@konewkoandassoc.com |
| M. Gretchen Silver | ustpregion11.es.ecf@usdoj.gov, gretchen.silver@usdoj.gov; denise.delaurent@usdoj.gov; keith.manikowski@usdoj.gov |
| James P. Mullally | jpm@konewkoandassoc.com |
| Charles J. Myler | cmyler@mrmlaw.com; kmyler@mrmlaw.com |
| Eric E. Walker | ewalker@perkinscoie.com; nsaldinger@perkinscoie.com |
| Bureau County Housing Authority | hhuntington@msclawfirm.com |
| DuPage Housing Authority | hhuntington@msclawfirm.com |
| Housing Authority of Champaign County | hhuntington@msclawfirm.com |
| Kankakee County Housing Authority | hhuntington@msclawfirm.com |
| Knox County Housing Authority | hhuntington@msclawfirm.com |
| Livingston County Housing Authority | hhuntington@msclawfirm.com |
| Pravin Rao, Examiner | prao@perkinscoie.com<br>jbuck@perkinscoie.com<br>ewalker@perkinscoie.com |
| Sargent Consulting, Accountant | ewalker@perkinscoie.com |
| Gregg Szilagyi, Trustee | bberish@ag-ltd.com<br>schaiken@ag-ltd.com |
| Vermont State Housing Authority | jknapp@jenner.com<br>rpeterson@jenner.com |
| Richard Zachmann | tbanich@shawfishman.com<br>jguzzardo@shawfishman.com<br>consager@osglaw.com |

2

**VIA FIRST CLASS MAIL**

| | | |
|---|---|---|
| Housing Authority, City of Gary<br>578 Broadway<br>Gary, IN 46402 | Fayette County Housing Authority<br>P. O. Box 1007<br>Uniontown, PA 15401 | Manchester Housing and Rdvpmt Auth.<br>198 Hanover Street<br>Manchester, NH 03104 |
| Madison County Housing Authority<br>1609 Olive Street<br>Collinsville, IL 62234 | Housing Authority, City of Columbia<br>1917 Harden Street<br>Columbia, SC 29204 | Housing Auth., City of East St. Louis<br>700 North 20th Street<br>East St. Louis, IL 62205 |
| Huntsville Housing Authority<br>P. O. Box 486<br>Huntsville, AL 35804 | Housing Authority, City of Brownsville<br>P. O. Box 4420<br>Brownsville, TX 78523 | East Chicago Housing and Rdvpmt Auth.<br>P. O. Box 498<br>East Chicago, IN 46312 |
| Vermont State Housing Authority<br>One Prospect Street<br>Montpelier, VT 05602 | Housing Authority, City of Greenville, SC<br>P.O. Box 10047<br>Greenville, SC 29603 | Sanford Housing Authority<br>PO Box 636<br>Sanford, NC 27331 |
| Housing and Rdvpmt Auths, City of Lebanon<br>P.O. Box 420<br>Lebanon, PA 17042 | Housing Authority, City of New Bern<br>P. O. Box 1486<br>New Bern, NC 28560 | Housing Authority, City of Easton<br>PO Box 876<br>Easton, PA 18044-0876 |
| Housing Authority of South Bend<br>P. O. Box 11057<br>South Bend, IN 46634 | S. Carolina Regional Housing Auth. No. 1<br>P. O. Box 326<br>Laurens, SC 29360 | Kankakee County Housing Authority<br>P.O. Box 965<br>Kankakee, IL 60901 |
| Housing Authority, City of Laredo<br>2000 San Francisco Avenue<br>Laredo, TX 78040 | Housing Authority, County of Dauphin<br>P. O. Box 7598<br>Steelton, PA 17113 | |

*s/ Tammy R. Maurer*
Tammy R. Maurer

John A. Lipinsky
ARDC: 6207678
Coman & Anderson, P.C.
650 Warrenville Road, Suite 500
Lisle, Illinois 60532
T: (630) 428-2660
F: (630) 428-2549

3

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Life Associates, Inc., | ) | Case No. 10-32363 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |

## COMAN & ANDERSON, P.C.'S FINAL APPLICATION
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Coman & Anderson, P.C. ("C&A"), bankruptcy counsel for Life Associates, Inc., a Debtor and formerly a Debtor-in-Possession (the "Debtor") in the above captioned chapter 11 case, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule 5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), respectfully makes application for final compensation and reimbursement of expenses for the period of August 2, 2012, through May 31, 2013, (the "Application"). In support of its final application, C&A states as follows:

**Background**

1.      On July 21, 2010, ("Petition Date"), the Debtor filed a voluntary petition for relief (the "Bankruptcy Case") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

2. The Debtor continued in possession of its property and continued to operate and maintain its business as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code until May 1, 2013, when this Court entered an Order granting the Motion of various Housing Authorities for the Appointment of a Chapter 11 Trustee. On May 8, 2013, the U.S. Trustee's Application to Appoint a Trustee was granted and Greg Szilagy was appointed Chapter 11 Trustee in this case.

3. Upon the request of Debtor, the Court, by Order dated August 17, 2010, appointed C&A, as counsel for the Debtor to represent it in this Chapter 11 case retroactively to the Petition Date. (*See* Docket Entry 32).

4. This Application is the final application filed by C&A, and seeks compensation as counsel for the Debtor for the time period of August 2, 2012, through May 31, 2013, and for reimbursement of expenses incurred during that period.

5. C&A does not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. C&A has previously filed the Affidavit of John A. Lipinsky in Support of Applications to Retain C&A as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

6. C&A performed services for which it is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor or other person.

7. C&A does not, by this application, seek compensation or reimbursement for any services or expenses for which compensation or reimbursement has been received.

**PRIOR AND CURRENT COMPENSATION**

8. This Application represents the 6th and Final Application for Compensation and Expense reimbursement that C&A has filed in this case. On February 18, 2011, C&A filed its

2

First Interim Application for Allowance of Compensation and Expense Reimbursement for the period of July 22, 2010 through January 31, 2011 ("First Application")(*See* Docket Entry 86). Pursuant to its First Application and this Court's order dated March 15, 2011 (*See* Docket Entry 88), C&A was awarded and paid $95,622.15.

9. On June 23, 2011, C&A filed its Second Interim Application for Allowance of Compensation and Expense Reimbursement for the period of February 2, 2011 through May 20, 2011 ("Second Application")(*See* Docket Entry 125). Pursuant to its Second Application and this Court's order dated July 14, 2011 (*See* Docket Entry 127), C&A was awarded and paid $54,571.57.

10. On October 31, 2011, C&A filed its Third Interim Application for Allowance of Compensation and Expense Reimbursement for the period of May 17, 2011 through September 22, 2011 ("Third Application")(*See* Docket Entry 153). Pursuant to its Third Application and this Court's order dated November 29, 2011 (*See* Docket Entry 165), C&A was awarded and paid $ 81,383.36.

11. On March 13, 2012, C&A filed its Fourth Interim Application for Allowance of Compensation and Expense Reimbursement for the period September 19, 2011 through February 29, 2012 ("Fourth Application")(*See* Docket Entry 183). Pursuant to its Fourth Application and this Court's order dated April 5, 2012 (*See* Docket Entry 185), C&A was awarded and paid $75,537.42.

12. On September 10, 2012, C&A filed its Fifth Interim Application for Allowance of Compensation and Expense Reimbursement for the period March 7, 2012 through July 27, 2012 ("Fifth Application")(*See* Docket Entry 206). Pursuant to its Fifth Application and this Court's order dated October 11, 2012 (*See* Docket Entry 211), C&A was awarded and paid $62,935.01.

## JURISDICTION

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

### Significant Events

14. The Debtor had been actively investigating the demutualization of the Principal Financial Group. This investigation led the Debtor to amend its schedules on March 23, 2011 [Docket 89] which added approximately 3100 additional creditors, in the amount of $6.2 Million ("Demutualization Claims").

15. This investigation of the Demutualization Claims was further investigated by the Independent Examiner who was appointed by the court on May 31, 2011 [Docket 117]. On October 24, 2011, the Examiner filed a 67 page Report [Docket 147].

16. On November 8, 2011, pursuant to the U.S. Trustee's request, an Order was entered expanding the scope of the Examiner's authority to allow the retention of a forensic accountant. [Docket 158]

17. On November 8, 2011, pursuant to the Debtor's request, an Order was entered allowing the Debtor to retain Kineo Group, Inc. as its communication specialist, to assist it with communicating and releasing the information in the Examiner's Report to its clients in an orderly and timely fashion. [Docket 159]

18. On November 15, 2011, pursuant to the Examiner's request, an Order was entered employing the Sergeant Consulting Group, LLC as his forensic accountant. [Docket 161]

19. On January 27, 2012, the Examiner filed his Supplemental Report, which contained the forensic accounting analysis provided by the Sergeant Consulting Group, LLC. [Docket 175].

20. The Debtor thoroughly examined the Examiner's Report and Supplemental Report. In addition, the Debtor continued to further investigate the facts and circumstances surrounding the Demutualization Claims and fully cooperated with the federal investigations as to those issues.

21. On April 17, 2012 the Debtor amended its schedules again to reflect that there was approximately $7.5 million in Demutualization Claims. The Debtor listed these debts by identifying the appropriate housing authorities as the Creditor, as suggested in the Examiner's Report. Further, the Debtor did not dispute the debts.

22. On May 2, 2012, Richard Zachmann, a former Vice President of the Debtor, was charged with twelve counts of wire fraud in an indictment returned by a federal jury and Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois.

23. On January 25, 2013, the Debtor filed its Disclosure Statement and Plan of Reorganization. An Amended Plan and Disclosure Statement were filed on February 22, 2013 so as to include financial projections and actual trust documents referenced in the Plan. On March 21, 2013, a Second Amended Plan was filed in which the existing equity in the Debtor would be wiped out.

### The Transfer of Ownership Interest

24. Lori Lawlor, f/k/a Lori Zachmann, ("Lori") was the principal of the Debtor, owning 100% of its shares. Lori had filed for divorce from her then husband Richard Zachmann

5

("Richard"). Lori then filed her own personal bankruptcy; therefore her shares in the Debtor became property of her bankruptcy estate to be administered by the trustee appointed to her case.

25. Subsequently, the divorce court entered a judgment for dissolution and awarded 100% of the stock in the Debtor to Richard. This award was contested by Lori's bankruptcy trustee, who filed an adversary asserting that this award of the Debtor's stock constituted a voidable post-petition transfer or alternatively, that the transfer of stock constituted a fraudulent transfer.

26. On March 21, 2013, an order was entered granting Richard's Motion to Dismiss the adversary, effecting the transfer of the Debtor's stock to Richard. Within days, Richard asserted control over the Debtor, firing the Debtor's management and appointing himself as President.

27. On March 26, 2013, after learning that Richard was once again in control of the Debtor, a group of representative housing authorities filed their Motion to Appoint a Chapter 11 Trustee.

28. On April 9, 2013, C&A filed its Motion to Withdraw as counsel for the Debtor, however, this motion was denied.

29. C&A stayed on and attempted to assist the Debtor, as directed by Richard, to the extent its attorneys could with matters such as attempting to work with the Debtor's former trading partner to allow the Debtor to continue normal operations.

30. On May 1, 2013, an Order was entered appointing a Chapter 11 Trustee. The Chapter 11 Trustee then employed separate counsel, which effectively ended C&A's connection to this case.

6

### Nature of Legal Services Performed by C&A

31. By this Application, C&A seeks a final award under Bankruptcy Code §330 for the application of payment in the amount of $124,522.00 for services rendered to the Debtor in connection with this case during the period of August 2, 2012, through May 31, 2013, together with a final award of $947.70 in reimbursement of expenses incurred by C&A during that same period. In accordance with section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Chapter 11 case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

32. In summary, C&A has assisted the Debtor in the administration of its estate and has performed the services set forth on the schedule attached hereto and made part hereof as Exhibit C. Exhibit C identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit C include, but are not limited to: providing legal advice to Debtor concerning management and operations as debtor-in-possession; representing Debtor in negotiations with counsel for the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; managing the filing, drafting, serving and noticing of a substantial number of pleadings and papers in this case; and responding to inquiries from creditors.

33. As additional support of this Application, C&A has attached hereto the following items:

> Exhibit A: Pursuant to Local Rule 5082-1(B)(e) and (f), Exhibit A is a summary sheet listing all Coman & Anderson, P.C.'s attorneys and legal assistants who performed the services which are the subject of this Application, their position (e.g. attorney, legal

assistant) their initials used in timekeeping, their respective hourly rates, the total time devoted by each lawyer or legal assistant to perform the services for the Debtor during the period covered by this Application, the total fees requested for the services performed by each listed lawyer or legal assistant, and the effective blended hourly rate at which the subject services were performed. Exhibit A also contains a statement of all compensation previously sought and allowed.

Exhibit B: Chronological listing of the date of services, nature of services, professional performing the services and time expended.

Exhibit C: Summary statement breakdown of principal activities and a breakdown of the total compensation sought for each person's work on each separate task for which Coman & Anderson, P.C. seeks compensation in this Application.

Exhibit D: Chronological listing of advancements made and expenses incurred on behalf of the Debtors during the course of its representation, itemized by date, the nature of the expense and amount.

34. The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

35. The professional services rendered by C&A during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraphs 36 through 40 herein.

36. Business Operations: (Hours: 55.5; Fees: $15,305.00) This project category deals with issues related to debtor-in-possession operating in chapter 11 such as employee, client and vendor issues. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $325.00 | 28.1 | $9,132.50 |
| Kimberly A. Haskell | Paralegal | $160.00 | 17.4 | $2,784.00 |
| Daniel G. Coman | Attorney | $360.00 | 6.5 | $2,405.00 |
| Maureen A. Maffei | Attorney | $235.00 | 2.1 | $493.50 |
| David A. Newby | Attorney | $340.00-350.00 | 1.4 | $490.00 |
| | | | **55.5** | **$15,305** |

8

37. <u>Case Administration</u>: (Hours: 231.3; Fees: $55,614.50) This project category involves, *inter alia*, analysis of impact of divorce award on bankruptcy, coordination and compliance activities, including preparation of United States Trustee interim statements and operating reports; contacts with the United States Trustee; responding to Motion to Appoint Chapter 11 Trustee, and various hearings. A general breakdown is as follows:

| **Name** | **Role** | **Rate** | **Hours** | **Value** |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $325.00 | 76.9 | $24,992.50 |
| Kimberly A. Haskell | Paralegal | $160.00 | 123.20 | $19,712.00 |
| David A. Newby | Attorney | $340.00-350.00 | 28.4 | $9,940.00 |
| Daniel G. Coman | Attorney | $360.00 | 2.5 | $925.00 |
| Lissette Corirossi | Paralegal | $150.00 | .3 | $45.00 |
| | | | **231.3** | **$55,614.50** |

38. <u>Plan and Disclosure Statement</u>: (Hours: 205.2; Fees: $50,174.00) This project category primarily encompasses the drafting of the Plan and Disclosure Statement and related documents and exhibits previously filed in this case and as later amended. A general breakdown is as follows:

| **Name** | **Role** | **Rate** | **Hours** | **Value** |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $325.00 | 47.4 | $15,405.00 |
| Kimberly A. Haskell | Paralegal | $160.00 | 89.3 | $14,288.00 |
| David A. Newby | Attorney | $340.00-350.00 | 3.7 | $1,295.00 |
| Daniel G. Coman | Attorney | $370.00 | 16.9 | $6,253.00 |
| Timothy | Attorney | $270.00 | 47.9 | $12,933.00 |
| | | | **205.2** | **$50,174.00** |

39. <u>Fee and Employment Applications</u>: (Hours: 16.2; Fees: $2,941.00) This project category primarily encompasses the preparation of employment and fee applications. A general breakdown is as follows:

| **Name** | **Role** | **Rate** | **Hours** | **Value** |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $325.00 | 2.0 | $650.00 |
| Kimberly A. Haskell | Paralegal | $160.00 | 14.1 | $2,256.00 |
| Daniel G. Coman | Attorney | $350.00 | .1 | $35.00 |

9

|  |  |  | 16.2 | $2,941.00 |
|---|---|---|---|---|

40. <u>Demutualization Issues</u>: (Hours: 1.5; Fees: $487.5) This project category primarily encompasses the Debtor's investigations into demutualization issues, liability and impact on the Debtor's case and creditors. A general breakdown is as follows:

| Name | Role | Rate | Hours | Value |
|---|---|---|---|---|
| John A. Lipinsky | Attorney | $325.00 | 1.5 | $487.50 |
| Total |  |  |  |  |

41. It is C&A's policy to charge its clients in all areas of practice for the identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is C&A's policy to charge its clients only the amount actually incurred in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation and photocopying.

**Statement of Legal Services and Expenses Pursuant to 11 U.S. C. §504 and Rule 2016(B) of the Rules of Bankruptcy Procedure**

42. All of the services performed by C&A were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by C&A at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of C&A's services are compensable.

43. There has been no duplication of services by the members or associates of C&A. In those instances were two or more attorneys and/or paralegals participated in any matter, such joint participation was necessary because of the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

44. The rates at which C&A seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

45. No agreement exists between C&A and any third person for the sharing of compensation received by C&A in this case, except as allowed by the exception set forth in Bankruptcy Code Section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of C&A.

46. From August 2, 2012 through May 31, 2013, 2013 C&A has devoted 509.7 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $124,522.00, and has incurred necessary expenses totaling $947.70.

WHEREFORE, Coman & Anderson, P.C. respectfully requests that this Court:

A. allow Coman & Anderson, P.C.'s compensation in the amount of $124,522.00 for services rendered in this case which represents time from August 2, 2012, through May 31, 2013;

B. allow Coman & Anderson, P.C. reimbursement in the amount of $947.70 for unreimbursed expenses advanced during that period.;

C. allow the application of the total sum of $125,469.70 which represents the total compensation and reimbursement requested herein;

D. to deem all interim awards of compensation and expense reimbursement a final order; and

E. grant all other relief that is just and appropriate.

                                      Respectfully submitted,

                                      Coman & Anderson, P.C.

                      By:    *s/* John A. Lipinsky
                                      *Former Counsel for the Debtor and*
                                        *Former Debtor-in-Possession*

John A. Lipinsky
ARDC: 6207678
Coman & Anderson, P.C.
650 Warrenville Road, Suite 500
Lisle, Illinois 60532
T: (630) 428-2660
F: (630) 428-2549
E-Mail: jlipinsky@comananderson.com