**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE ASSOCIATES, INC., | ) | Case No. 10-32363 (JPC) |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| | ) | |

**ORDER ~~CLOSING CASE~~, ALLOWING ~~AND OR PAYING~~ FINAL FEES AND
EXPENSES OF PROFESSIONALS, TRUSTEE, CERTAIN OTHER ADMINISTRATIVE
CLAIMS, AND ALLOWED PREPETITION CLAIMS, APPROVING DISREPANCY
RESOLUTION PROCESS, AND FOR RELATED RELIEF**

At Chicago, in said District, on this ~~16th~~ 21st day of November, 2016.

**THIS CAUSE** coming on to be heard upon the Combined Motion (the "**Motion**") of
Gregg Szilagyi, not individually, but solely as the duly appointed and serving Chapter 11 trustee
(the "**Trustee**") in the above captioned case, To (A) Close Case (or In The Alternative to
Dismiss Case), (B) Allow and Pay Final Fees and Expenses of Professionals and the Trustee and
Certain Other Administrative Expenses, (C) Approve HA Retirement Plan Asset Discrepancy
Resolution, (D) Distribute Remaining Cash To Allowed Pre-petition Claims Pro Rata In
Accordance with Prior Order, and (D) For Related Relief; capitalized terms not otherwise
defined herein, shall have the meaning set forth in the Motion; due and proper notice of the
Motion having been served and no further notice is required; and the Court having heard and
considered the statements of counsel present, having reviewed the Motion, and being otherwise
fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1.      The Motion is granted in part as provided herein.

2.      The following fees and expenses are allowed on a final basis under section 330 of
the Code: (a) $510,574.97 of A&G for services rendered from May 1, 2013 to September 30,
2016; (b) $870,202.17 of Ogletree for services from rendered May 10, 2013 to August 31, 2016;
(c) $26,332 of PK for services rendered from August 7, 2013 to October 14, 2016; and (d)
$97,899.96 of the Trustee for services rendered from May 1, 2013 to July 31, 2016.

654734                                    1

3.      The Trustee is authorized to pay the following from the remaining Cash: (a) $105,729.43 to A&G in full satisfaction of its remaining outstanding fees and expenses allowed in this Chapter 11 Case; (b) $153,891.45 to Ogletree full satisfaction of its remaining outstanding fees and expenses allowed in this Chapter 11 Case; (b) $6,755.20 to PK in full satisfaction of its remaining outstanding fees and expenses allowed in this Chapter 11 Case; (d) $25,794.96 to the Trustee in full satisfaction of his outstanding fees and expenses allowed in this Chapter 11 Case; (e) the U.S. Trustee Fees to the Office of the U. S. Trustee; (g) $34,750 to the IRS to satisfy the remaining balance of the Discrepancy Resolution Application Fee, (h) $2,650 is to be distributed pro rata to the holders of the Allowed Non-HA Claims at the addresses and names set forth for such parties in their filed proofs of claims or the Schedules, as applicable, (h) any other fees and expenses incurred by this Estate which may be necessary to close this Chapter 11 Case including the Ordinary Remaining Administrative Expenses; and (i) the balance of the remaining Cash after the distributions provided in (a-h) above, shall be distributed pro rata to the holders of Allowed HA Claims at the addresses and to the parties identified in the HA Claims Schedule or proof of claims of such claimant, as applicable.

4.      All distributions made pursuant to this Order that are not negotiated within sixty (60) days after delivery by the Trustee and that consequently become unclaimed in the Trustee's sole and absolute discretion shall revert to, and become property of, the Estate free and clear of any and all claims, demands, and causes of action, and shall be donated by the Trustee to the Chicago Bar Foundation for deposit into it Bankruptcy Pro Bono Projects Fund.

5.      The Trustee is authorized to execute the Discrepancy Resolution Agreements.

6.      The page limitation set forth in Local Rule 5005-3 is waived with respect to the Motion.

7.      The Trustee is authorized to close the Debtor's remaining bank accounts following the distribution of the remaining Cash as provided herein.

8.      The Trustee shall retain the Books and Records for a period of no less than six (6) months from the entry of this Order, after which time, he may, in his sole and absolute discretion, destroy or otherwise dispose of any or all of such Books and Records.

9.      This matter is set for further status on _Jan 19_, 2016, at 10:30 AM in the courtroom 742 and provided the distributions in paragraph 3 above have been made, then at this next hearing, at the Trustee's request, an Order may be entered which (a) closes this Chapter 11 Case pursuant to section 350 of the Code, and (b) discharges the Trustee from his duties and obligations as trustee in this

654734                                                2

Chapter 11 Case except with respect to any remaining duties necessary for him to carry out the relief granted by this Order.

    10.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

ENTER;

_____
U.S. Bankruptcy Judge

11/21/16

BRAD A. BERISH, ESQ. (ARDC#06200891)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Chapter 11 Trustee**

654734

3